

CV 98-05448 #00000098

FILED _____ LODGED
_____ RECEIVED

APR 0 1 2002

CLERK U S  DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

ENTERED
ON DOCKET

APR 02 2002

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER T  DUVALL,

Plaintiff,

v

KITSAP COUNTY, a municipal corporation
of the State of Washington, ET AL ,

Defendants

Case No  C98-5448JKA

**ORDER DENYING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT**

THIS MATTER comes before the court on Defendants' Motion for Partial Summary Judgment  The court has considered all materials submitted in support of and in response to said motion

Defendants seek summary judgment of dismissal regarding plaintiff's state law claims under the Washington Law Against Discrimination, RCW 49 60 010, et  seq , on the basis that plaintiff did not present a claim to the Kitsap County Board of Commissioners as required by RCW 4 96 020 which requires a claim for damages to be "presented and filed with the governing body" of a local governmental entity and Kitsap County Code 4 144 which requires a claim to be filed "with the clerk of the board of county commissioners "

Plaintiff asserts that he took action which met the *content* requirements of RCW 4 96 020(3), and that plaintiff's grievance and request for reconsideration met the *filing* requirements of a claim under RCW 4 96 010(1)  Plaintiff, relies on the affidavit of Barbara Razey, Risk Manager for Kitsap County, acknowledging that plaintiff filed an Americans with Disabilities Act grievances on August 21st and August 22nd, 1995,  It appears the ADA grievance committee considered and denied plaintiff's grievance(s) on October 6, 1995   Plaintiff left telephonic messages for reconsideration by the Board of County Commissioners on October 10th and October 12th, 1995   On October 20, 1995, the Board of County Commissioners acknowledge receipt of plaintiff's telephonic request for reconsideration. In December of

ORDER
Page - 1

*98*

1  1995, the Board of County Commissioners issued a decision denying plaintiff's request for reconsideration
2  There is a question of fact as to whether or not the plaintiff was in substantial compliance with the
3  requirements of RCW 4 96 020

4      Plaintiff also asserts that RCW4 96 010 applies only to local governmental entities, and not to
5  individual defendants  Inasmuch as the individual defendants herein, are sued in their official capacities, this
6  court finds that RCW 4 92 010 applies

7      Lastly, plaintiff alleges that defendants are estopped from asserting failure to file a claim as a defense,
8  based on their response and subsequent conduct in the processing of and ultimate denial of his grievance
9  Estoppel requires  (1) ad admission, statement or act inconsistent with a claim afterwards asserted, (2) action
10 by another in [reasonable reliance upon that act, statement or admission, and (3) injury to the relying party
11 from allowing the first party to contradict or repudiate the prior act, statement or admission *Lybbert v Grant*
12 *County*, 141 Wn 2d 29, 1 P 3d 1124 (2000)  The cases cited by the defense involve allegations of estoppel
13 based on the defendants failure to advise the plaintiff of the claims filing requirement  The case at bar is
14 different  In this case, the county did not just offer passive resistance, but rather acted on the grievance
15 process initiated by plaintiff, ultimately disposed of by the Board of County Commissioners with whom
16 defendants rightfully suggest the claim should have initially been filed  There is at the least a question of fact
17 with regard to the estoppel issue

18     **Defendants' Motion for Partial Summary Judgment is denied.**

19          April 1, 2002

21         J Kelley Arnold, U S Magistrate Judge

ORDER
Page - 2